[Cite as *State v. Watt*, 2026-Ohio-2844.]

# tIN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JAMES W. WATT,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 26 CO 0004**

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 25 CR 41

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed in Part, and Remanded.

---

*Atty. Vito J. Abruzzino,* Columbiana County Prosecutor, *Atty. Steven V. Yacovone,* Assistant Prosecutor, for Plaintiff-Appellee and

*Atty. Edward A. Czopur*, for Defendant-Appellant.

Dated: July 22, 2026

**Robb, J.**

{¶1} Defendant-Appellant James Watt appeals the sentencing decision of the Columbiana County Common Pleas Court. The court imposed consecutive 12-month sentences on 25 of the 45 counts to which he pled guilty. For the following reasons, the sentence announced at the sentencing hearing is affirmed. However, we remand for a nunc pro tunc entry with instructions to ensure the sentencing entry reflects the consecutive sentence findings made orally at the sentencing hearing.

STATEMENT OF THE CASE

{¶2} On January 8, 2025, Appellant was indicted on 60 counts of pandering obscenity involving a minor, fourth-degree felonies. R.C. 2907.321(A)(5),(C). He was also indicted on 15 counts of illegal use of a minor in nudity oriented material or performance, fifth-degree felonies. R.C. 2907.323(A)(3),(B).[1]

{¶3} Appellant entered an agreement to plead guilty to 30 of the fourth-degree felonies and all 15 of the fifth-degree felonies. The state agreed to dismiss the other 30 counts while warning it would be recommending an aggregate sentence of 25 years in prison. After accepting the plea, the court ordered a presentence investigation (PSI).

{¶4} At sentencing, the state recited the facts of the case, including that the Columbiana Police Department was informed by the Internet Crimes Against Children Task Force about online child pornography requests emanating from Appellant's residence. Sent.Tr. 4. After a search warrant was executed and Appellant's devices were analyzed, the police recovered "tens of thousands" of images or videos with the majority related to children. The prosecutor noted although "thousands upon thousands" of images each constituted a crime, a limited amount of charges were filed in the interest of judicial economy. *Id*. at 5, 9. The prosecutor twice pointed out defense counsel reviewed the images and videos in the prosecutor's office. *Id*. at 5-6.

{¶5} The victims ranged from teens to infants. "[M]ost alarming," Appellant possessed both "videos and images of children under twelve months of age being raped

---

[1] Both statutes refer to "minor or impaired person" in naming the offenses, but the indictment only specifies the victims were minors.

Case No. 26 CO 0004

by adults." *Id*. at 6. The recovered media additionally contained naked teens and adults engaging in sexual conduct with teens. *Id*. Appellant also made videos of himself "masturbating to ejaculation while child porn is playing on the computer." *Id*.

{¶6} According to the prosecutor's recitation, the police identified a local teen from nude images possessed by Appellant (in a video). She was his former student but reported she was unaware of how he obtained the images. *Id*. at 6-7. The state pointed out Appellant was a trusted member of the community and a teacher of children who possessed an image of one of those children in addition to the many images of unidentified children and babies, who were scarred for life but had no voice in the proceedings. *Id*. at 8-9. It was observed how the collection was constructed over a significant time period with the records seemingly maintained as "trophies." *Id*. at 7-8.

{¶7} Defense counsel emphasized Appellant had no prior criminal record, attended sex offender and sex addiction counseling, and was categorized as posing a low risk of recidivism. It was pointed out he was a teacher for 43 years before he retired, he was also a coach, and many letters were submitted by his supporters. *Id*. at 10-14. In exercising his allocution right, Appellant said he experienced a moral reawakening; he expressed remorse to his family, friends, the community, and the victims in the videos and images. *Id*. 19-21. A friend spoke in support of Appellant. *Id*. at 15-17.

{¶8} Thereafter, the trial court pointed to its review of the PSI and the accompanying police report. Sent.Tr. 25. The court emphasized the number of images and their curation over time. *Id*. at 26. The court made mention of the continual cycle of child pornography production if people like Appellant keep searching for and downloading it. *Id*. at 24. It was observed Appellant's position as a trusted educator would result in community concern, including parents wondering if their children could be the subjects of some of the many images. *Id*. 22-23. The court opined it was a "horrifying" experience for Appellant's former student to have to identify her own nude images from when she was 15 years old. *Id*. at 23-24. In further recapping the seriousness of his conduct, the court referred to the number of victims, the described content, and the position of trust he held. *Id*. at 27. In discussing recidivism, the court pointed to the frequency and purposeful nature of his conduct, noting his obsession only stopped when he was caught, not due to some new moral compass. *Id*. at 26. The court pointed out that counseling started after

Case No. 26 CO 0004

he was charged and a letter from the provider noted the services were commenced on the suggestion of defense counsel. *Id*. at 25.

{¶9} Upon making consecutive sentence findings at the sentencing hearing, the court imposed a midrange sentence of 12 months in prison on the fourth-degree felonies and a minimum sentence of 6 months in prison on the fifth-degree felonies. The sentences on counts 31 to 55 were run consecutively to each other for a total sentence of 25 years, as recommended by the state (with concurrent sentences on all other counts). Appellant was labeled a Tier II sex offender. Appellant filed a timely notice of appeal from the January 12, 2026 sentencing entry.

<u>CONSECUTIVE SENTENCING APPEAL</u>

{¶10} Appellant sets forth three assignments of error all dealing with the imposition of consecutive sentences under R.C. 2929.14(C)(4)(b). This statutory provision provides:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following . . .

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

R.C. 2929.14(C)(4)(b) (with the alternatives in (a) and (c) not at issue).

{¶11} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 2014-Ohio-3177, syllabus.

<u>Case No. 26 CO 0004</u>

**{¶12}** The statute applicable to felony sentencing appeals allows the appellate court to review the trial court's consecutive sentence findings and reverse the sentence "if it clearly and convincingly finds either of the following: (a) That the record does not support the sentencing court's findings under division . . . (C)(4) of section 2929.14 . . . [or] (b) That the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a)-(b).

**{¶13}** Notably, it is not the trial judge imposing consecutive sentences who must have clear and convincing evidence; rather, it is a reversing appellate court that must find a lack of support in the record by clear and convincing evidence. *State v. Perez*, 2022-Ohio-1124, ¶ 28 (7th Dist.). "The appellate court's standard for review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2).

**{¶14}** Before proceeding to address the assignments of error, it is pointed out the trial court failed to place the consecutive findings in the judgment entry. Both parties note the remedy for this type of consecutive sentencing error would be a nunc pro tunc entry. *Bonnell* at ¶ 30. Yet, in a footnote, Appellant points out this "is not being raised as a stand-alone assignment as the relief therefor[] is a nunc pro tunc order, which is of no substantial value to Appellant, despite the fact that it is error." Apt.Br. 10, fn. 2.

## ASSIGNMENT OF ERROR ONE

**{¶15}** Appellant's first assignment of error contends:

"The imposition of consecutive sentences was clearly and convincingly contrary to law as the record does not support the trial court's finding of a great or unusual harm pursuant to R.C. 2929.14(C)(4)(b)."

**{¶16}** Initially, Appellant contests the trial court's finding applying the option in subdivision (b) of R.C. 2929.14(C)(4). While imposing consecutive sentences on 25 of the 45 offenses, the court cited R.C. 2929.14(C) and made the following finding corresponding to subdivision (b):

> at least two of the multiple offenses were committed as part of one or more
> courses of conduct, and that the harm caused by two or more of the multiple
> offenses so committed was so great or unusual that no single prison term
> for any of the offenses committed as part of any of the courses of conduct
> adequately reflects the seriousness of the offender's conduct.

Sent.Tr. 29.

Case No. 26 CO 0004

**{¶17}** Appellant contests the finding on the harm being "great or unusual" and says we should find by clear and convincing evidence that the record does not support this finding. Appellant criticizes the state's failure to present the images to the court in camera. He suggests there must be direct evidence in the record of the harm in order for the trial court to make a finding on the topic and argues sentencing evidence cannot be the state's unsupported assertion or characterization.

**{¶18}** In making this argument, he cites *a dissenting* opinion from another district. *State v. Jones*, 2024-Ohio-1010, ¶ 29 (11th Dist.) (Lynch, J., dissenting) (finding no evidence in the record of physical or psychological harm upon opining the state "offered no evidence to support a finding of great harm except its own unsupported characterizations"). Besides the fact his citation is from a dissent, the subsequent history of the cited case is also notable: the Eleventh District's *majority* opinion upholding the consecutive sentences was affirmed by the Ohio Supreme Court (in a one-sentence decision). *State v. Jones*, 2025-Ohio-69 (after accepting the appeal on whether the record supported the consecutive sentences where the memorandum in support of jurisdiction pointed to the appellate judge's dissent), citing *State v. Glover*, 2024-Ohio-5195.

**{¶19}** As the state points out, the prosecution made a record at sentencing of Appellant's conduct while describing the contents of various images. It was twice memorialized on the record that defense counsel reviewed the images and videos in the prosecutor's office. The defense did not object or deny any allegation or characterization during the prosecutor's narrative at sentencing. We incorporate our Statement of the Case reviewing the prosecutor's recitation and the trial court's observations. The trial court spoke at sentencing about its review of the police report attached to the PSI. *See* R.C. 2953.08(F)(1). As emphasized by the state, the Rules of Evidence are inapplicable to sentencing. Evid.R. 101(D)(3).

**{¶20}** Appellant states the harm must be so great or unusual that it distinguishes the case from other cases involving the same offenses. In doing so, he quotes: "Even when one of the offenses is a conviction for murder, this factor still requires a finding that the course of conduct surrounding all the multiple offenses resulted in harm more egregious or unusual than the harm resulting from other similar multiple offenses." *State*

*v. Kay*, 2015-Ohio-4403, ¶ 18 (2d Dist.).[2]  In *Kay*, the appellate court reversed the sentence after observing the offenses were based on a "single event" rather than a "spree" and concluded the record failed to support a conclusion that the harm was so great or unusual that consecutive sentences were required.  *Id*. at ¶ 19.

**{¶21}** Appellant's conduct was not based on a single event but spanned a period of collecting and viewing the illegal images and videos.  Appellant characterizes his case as a "run-of-the-mill" child pornography case (based on the prosecutor mentioning he saw multiple defendants over the years who kept "trophies").

**{¶22}** However, images of infants being raped by adults is hardly a run-of-the-mill case of the fourth-degree felony offense of "pandering obscenity involving a minor" in violation of R.C. 2907.321(A)(5).   This statutory division has the following pertinent elements:  "No person, with knowledge of the character of the material or performance involved, shall . . . Buy, procure, possess, or control any obscene material, that has a minor . . . as one of its participants . . ."  R.C. 2907.321(A)(5).  As footnoted above, in fourth-degree felony cases of this offense, the victim may be an impaired person instead of a minor.  R.C. 2907.321.  And, violations of other subdivisions of the statute defining this offense are higher degreed felonies, such as for reproducing or publishing the material, and would not be the type of offense used for purposes of comparing harms.  R.C. 2907.321(C).

**{¶23}** Likewise, the content involving teenaged minors being photographed or filmed engaging in *sexual conduct* and engaging in that type of conduct *with adults* is more extreme than in cases where these two aspects are absent.  *See* Sent.Tr. 6 ("sexual conduct with adults").  For instance, sexual conduct entails more than mere sexual contact.  R.C. 2907.01(A)-(B).  We additionally point out Appellant also made videos of himself masturbating with illegal child pornography playing on his computer in the background.

**{¶24}** Regarding his former student, Appellant emphasizes the lack of a victim impact statement (while recognizing victim impact statements were impossible to obtain from the other, unidentified children).  This is not the type of offense requiring a victim

---

[2] It should be observed the consecutive sentencing statute does not use language such as "worst form of the offense" as was in the former maximum sentence statute.

impact statement. *See* R.C. 2947.051(A) ("if the offender, in committing the offense, caused, attempted to cause, threatened to cause, or created a risk of physical harm to the victim of the offense, the court, prior to sentencing the offender, shall order the preparation of a victim impact statement"); *see also* R.C. 2930.13. Appellant's former student was interviewed by the police, and the court read the police report, which states the video depicting this student was made several years earlier.

**{¶25}** We note the state explained the images of naked teens constituted the basis for the fifth-degree felonies. Sent.Tr. 6. The court imposed concurrent sentences on the fifth-degree felonies; only the fourth-degree felonies received consecutive sentences. As Appellant's arguments recognize, the court could consider all offenses to which Appellant pled guilty by considering the courses of conduct, making consecutive sentence findings, and determining which offenses to run consecutively. *See* R.C. 2929.14(C)(4)(b).[3]

**{¶26}** As the state points out, a recently retired teacher possessing a nude photograph of a former student from when she was 15 years old is not the run-of-the-mill case of the fifth-degree felony offense of "illegal use of a minor . . . in nudity oriented material or performance" in violation of R.C. 2907.323(A)(3), which provides: "No person shall . . . Possess or view any material or performance that shows a minor . . . who is not the person's child or ward in a state of nudity [with certain exceptions]." As footnoted above, in fifth-degree felony cases of this offense, the victim may be an impaired person instead of a minor. R.C. 2907.321. Violations of other divisions in the statute defining this offense are higher degreed felonies and would not be the type of offense used when comparing harms. R.C. 2907.323(B). In addition, a teacher occupies a position of trust and is a mandatory reporter under the law. Moreover, a 15-year-old is below the age of consent in Ohio, and although nude images of children under 18 are illegal under the same statute, the victim being under the age of consent could be viewed as making the harm different than if the victim was 17.

---

[3] In general, a sentencing court can consider even uncharged offenses, prior arrests, or offenses dismissed as part of the plea agreement. *State v. Bennington*, 2015-Ohio-5439, ¶ 20 (7th Dist.), citing *State v. Parsons*, 2013-Ohio-1281, ¶ 18 (7th Dist.); *see also State v. Hutton*, 53 Ohio St.3d 36, 43 (1990) (arrests without convictions are properly considered in PSI); *State v. Cooey*, 46 Ohio St.3d 20, 35 (1989) (uncharged conduct can be considered when reviewing PSI).

Case No. 26 CO 0004

**{¶27}** As observed by the trial court, the number of illegal items Appellant possessed was a high amount of criminal depictions to amass, represented a large amount of victims, and perpetuated the cycle of sexual abuse and trafficking of children for digital media profiteering. On the latter topic, the state quotes: "Both the Supreme Court of the United States and the Supreme Court of Ohio have found unequivocally that children are seriously harmed by the mere possession of pornography in which they are depicted." *State v. Maynard*, 132 Ohio App.3d 820, 827 (9th Dist. 1999) (rejecting any argument or insinuation that children are not victimized by the mere possession of pornography in which they are depicted), citing *State v. Meadows*, 28 Ohio St.3d 43, 47-50 (1986), citing *New York v. Ferber*, 458 U.S. 747, 758-759 (1982).

**{¶28}** The United States Supreme Court made the following observations: "the use of children as subjects of pornographic materials is harmful to the physiological, emotional and mental health of the child"; the existence of such images is intrinsically related to the sexual abuse of children; the materials are a permanent record of their participation with the harm to the child exacerbated by circulation in the distribution network, which must be stopped in order to stop the production of material in the first place. *Ferber* at 758-759. In recently rejecting a defendant's argument on consecutive sentencing for child pornography and upholding the trial court's finding of great or unusual harm, we likewise observed: "the demand for child pornography fuels its production, which unduly harms innocent children." *State v. Spack*, 2026-Ohio-135, ¶ 40 (7th Dist.)

**{¶29}** We do not substitute our judgment on sentencing for that of the trial judge. Nor do we review for general reasonableness, as the statutory standard of review is expressly not for an abuse of discretion. R.C. 2953.08(G)(2). Upon reviewing the record, we cannot "clearly and convincingly find[] . . . [t]hat the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4)(b) that "[a]t least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct." R.C. 2953.08(G)(2)(a); R.C. 2929.14(C)(4)(b). In fact, the record fully supports this finding. This assignment of error is overruled.

Case No. 26 CO 0004

ASSIGNMENT OF ERROR TWO

{¶30} Appellant's second assignment of error alleges:

"The imposition of consecutive sentences was clearly and convincingly contrary to law as the trial court did not make a finding pursuant to R.C. 2929.14(C)(4)."

{¶31} In addition to making the aforementioned consecutive sentencing finding under option (b), the court made the following findings under the necessity and the proportionality clauses of (C)(4):

"*The Court finds that the consecutive sentence is necessary to protect the public from future crime, or to punish the offender*, and that the consecutive sentence is not disproportionate to the seriousness of the offender's conduct, and to the danger the offender poses to the public."

(Emphasis added.)  Sent.Tr. 29-30.

{¶32} The specific argument under this assignment of error relates to the italicized necessity clause in R.C. 2929.14(C)(4).  Appellant claims by tracking the statutory language and maintaining the word "or" between "protect the public from future crime" and "punish the offender" the court actually failed to make either option within this finding. According to Appellant's contention, a court could say it was necessary to protect the public from future crime *and* to punish the offender or could choose one or the other but could not say "or to punish the offender."  Although he proceeds to challenge whether the record supports each portion of the necessity clause in the next assignment of error, in this assignment of error, Appellant posits the court's failure to explain which portion of the necessity clause was satisfied deprived him of the ability to challenge the finding.

{¶33} He cites a case where we remanded for a nunc pro tunc entry because, instead of making consecutive sentencing findings, the sentencing entry merely quoted the statutory instructions.  *State v. Williams*, 2017-Ohio-856, ¶ 17, 20, 23 (7th Dist.). Although the required findings were listed by the trial court, the finding began as follows: "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require offender to serve prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and  . . ."  *Id*. at ¶ 17.

**{¶34}** The state points out we only remanded for a nunc pro tunc entry and we approved the language used at the sentencing hearing on this finding, which was as follows: "The court further finds that there was a conviction for multiple offenses and the court will therefore require the defendant to serve consecutive time, which is necessary to protect the public from future crime and punish—and/or to punish the offender . . ." *Id.* at ¶ 15, 19-20. The state believes this "and/or" language used by the *Williams* trial court was similarly imprecise as to which subclause the trial court found made the consecutive sentence necessary.

**{¶35}** In any event, the sentencing entry in *Williams* used only the word "or" between the protect subclause and the punish subclause (in the necessity clause), and our opinion did not criticize this aspect of the entry or order it corrected on remand. We simply held, "The 'if' and 'may' language does not indicate an actual finding by the trial court." *Id*. at ¶ 20. The trial court's use of the "if" and "may" language in the *Williams* case is distinct from the wording challenged by Appellant. Here, the trial court began by actually saying it was making the findings by stating, "The Court finds that the consecutive sentence is necessary to protect the public from future crime, or to punish the offender *. . .*" Sent.Tr. 29-30. The court did not merely quote the instructions from the statute.

**{¶36}** The sentencing court is not required "to give a talismanic incantation of the words of the statute." *State v. Jones*, 2024-Ohio-1083, ¶ 11, quoting *Bonnell*, 2014-Ohio-3177, at ¶ 37 (or provide reasons as required under a former statutory version). If an appellate court can "glean from the record that the court" made the contested consecutive sentence finding, then the finding is sufficient. *Bonnell* at ¶ 36. In other words, "as long as the reviewing court can discern that the trial court engaged in the correct analysis," then the consecutive sentence can be upheld if the record supports the findings. *Id*. at ¶ 26.

**{¶37}** In fact, the Ohio Supreme Court then declared, "We can discern from the trial court's statement that Bonnell had 'shown very little respect for society and the rules of society' that it found a need to protect the public from future crime or to punish Bonnell." *Id*. at ¶ 33. This is notable not only because the Court gleaned a finding under the necessity clause without language similar to the statute but also because the Supreme Court itself maintained the statute's use of the word "or" between "protect the public" and

"punish [the offender]" when saying the trial court made the finding under the necessity clause with one or the other subclause within that clause.  *Id*.

**{¶38}** Appellant's argument is without merit.  The court made a finding under the necessary clause at the sentencing hearing, and the question of whether the finding is supported by the record was addressable by Appellant and is raised by him as part of the next assignment of error.

ASSIGNMENT OF ERROR THREE

**{¶39}** Appellant's third assignment of error alleges:

"The imposition of consecutive sentences was clearly and convincingly contrary to law as the record does not support any finding pursuant to R.C. 2929.14(C)(4)."

**{¶40}** Appellant says even if the court sufficiently made a finding under the necessity clause, the record does not support a finding "that the consecutive service is necessary to protect the public from future crime or to punish the offender" as required by R.C. 2929.14(C)(4).  Under the next clause within (C)(4), he also says the record does not support the finding by the court "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public."

**{¶41}** Initially, he claims "the only way" a trial court can conclude consecutive service is necessary to protect the public from future crime is by referencing the defendant's past criminal conduct but Appellant has no prior record.  However, merely citing cases where a court upheld consecutive sentences due to a lengthy criminal history does not present case law indicating the lack of prior record precludes consecutive sentences.[4]

**{¶42}** In his arguments on the topics of protection of the public, punishment, seriousness, and danger to the public, Appellant refers to the guidance of the seriousness and recidivism factors and claims they weigh in his favor.  *See* R.C. 2929.12.  Asserting he was unlikely to reoffend, he points to the low risk of recidivism listed by his counselor and in the PSI as well as the support expressed by his family and community members.

---

[4] We note a criminal history is also part of a separate optional finding, in the alternative to the great and unusual harm option at issue in this case. R.C. 2929.14(C)(4)(c) ("The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.").

He claims the following recidivism factors work in his favor: no prior delinquency adjudications or criminal convictions (thus no history of noncompliance with rehabilitative measures and not under court-control at the time); law-abiding life for a significant number of years; acknowledgement of addiction issues; expression of remorse; and offenses committed under circumstances not likely to recur due to his counseling to prevent future issues. *See* R.C. 2929.12(D)-(E).

**{¶43}** However, the trial court need not agree the offenses were committed under circumstances not likely to recur or that he led a law-abiding life. The lack of a criminal record does not mean he was not committing these crimes for years. The state pointed out his collection was amassed over time. As the trial court pointed out, he only stopped because he "got caught" and his attorney advised him to commence counseling. Being liked in the community did not mean the child pornography viewing was a recent vice or mean he was not a danger to the community (in the context of the dangers child pornography viewing poses). The question of whether the counseling he received would prevent him from reoffending in the future need not be answered in his favor merely because he attended regularly, expressed an understanding of the wrong, or claimed he had a moral reawakening.

**{¶44}** On the topic of the seriousness of his conduct, Appellant says factors making the offenses more serious are not present. *See* R.C. 2929.12(B). He would thus be arguing the physical or mental harm to the victims was not exacerbated by their age and the victims did not suffer serious physical or psychological harm. *See* R.C. 2929.12(B)(1)-(2). The state disagrees. The state also points out Appellant held a position of trust in the community as a school teacher, and the possession of the nude images of his former student allows a rational inference that his ability to obtain the photograph related to his position in some manner. *See* R.C. 2929.12(B)(4),(7) (or his relationship with the victim facilitated the offense); *see also* (B)(5) ("The offender's occupation . . . or profession obliged the offender to prevent the offense or bring others committing it to justice"). It was pointed out his retirement from teaching was recent (the same year the search warrant was executed).

**{¶45}** Appellant says there exists one or more factors making the offenses less serious. *See* R.C. 2929.12(C)(3) (the offender did not cause or expect to cause physical

harm to any person or property). Yet, "any other relevant factors" can be considered. *See* R.C. 2929.12(B)-(C) ("any other relevant factors"). Under this catch-all, it is observed one could expect physical harm to infants raped by adults. Also, the more views or downloads are made, the more content is created by rapists or abusers and the more children are victimized. *See* Assignment of Error One (discussing the topic where great or unusual harm finding is raised). Contrary to Appellant's suggestion otherwise, the following factors making an offense less serious *do not* apply: the victim induced or facilitated the offense; the offender acted under strong provocation; and there are substantial grounds to mitigate the offender's conduct. R.C. 2929.12(C)(1),(2),(4).

**{¶46}** On the proportionality finding, Appellant asks us to review the number of consecutive sentences imposed: 12 months imposed consecutively on 25 of the 45 offenses to which he pled guilty. He points out the lead opinion in the Ohio Supreme Court's *Glover* case did not garner four votes on the attempted holding that a court need not review the aggregate sentence on appeal. *See State v. Glover*, 2024-Ohio-5195, ¶ 43 (lead opinion holding, "Nowhere does the appellate-review statute direct an appellate court to consider the defendant's aggregate sentence"), ¶ 62-63 (Fischer, J. concurring in the judgment and concurring in part: "I would hold that in making a proportionality determination under R.C. 2929.14(C)(4), courts are required to consider the aggregate prison term"), ¶ 73 (Stewart, J., dissenting with two other justices: "And while today's decision is by no means a paragon of clarity, lower courts can be sure that there are four members of this court who believe that trial courts must consider whether the aggregate sentence imposed is disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"); *see also State v. McElroy*, 2025-Ohio-1356, ¶ 17 (7th Dist.) (reviewing the aggregate sentence due to the mix of *Glover* holdings).

**{¶47}** Appellant cites Eleventh District cases applying *Glover* while recognizing the restrictive nature of the statutory review permitted. *State v. Karpovitch*, 2025-Ohio-4323, ¶ 17 (11th Dist.); *State v. Billings*, 2024-Ohio-6000, ¶ 41 (11th Dist.) ("It is accordingly unclear how an appellate court might have any substantive input on the aggregate term of imprisonment issued by a trial court. This is a conundrum."). The cited court further noted, "Without more guidance, it is therefore equally unclear what a reviewing court's role would involve other than to assess whether the trial court focused

upon the aggregate term of imprisonment in the consecutive sentencing process." *Karpovitch* at ¶ 17; *Billings* at ¶ 41.

{¶48} Appellant says a 25-year sentence for a 69-year-old is essentially a life sentence. He emphasizes his aggregate sentence is 16 times greater than the maximum sentence for each fourth-degree felony, citing a comment from the Eleventh District distinguishing the sentence in *Glover* as five times the maximum of any individual sentence. *See Karpovitch* at ¶ 19. However, the appellate court was making an alternative holding in support of the consecutive sentences after already concluding: "Simply by following, as the court did here, the statutory procedure for imposing consecutive sentences, a sentencing court necessarily considers the aggregate sentence in the context of the R.C. 2929.14(C)(4) factors (or findings)." *Id*. at 18 (affirming the consecutive imposition); *see also Billings* at ¶ 42 (affirming the consecutive imposition upon concluding the record demonstrated the trial court "gave due consideration to the aggregate term of imprisonment it was imposing" for a total of 24 to 27 years for four second-degree felony counts of illegal use of a minor).

{¶49} We also note the Supreme Court in *Glover* reversed the appellate court's substitution of its judgment for that of the trial court and reinstated the sentence with only a minority of justices finding a review of the aggregate sentence did not support the consecutive stacking. *Glover* at ¶ 61 (lead opinion), ¶ 62 (Fischer, J. concurring in judgment and concurring in part), ¶ 86 (Stewart, J., dissenting).

{¶50} Within our district, in reviewing an aggregate consecutive sentence we upheld an aggregate sentence for similar offenses that was double Appellant's 25-year total. *State v. Kempvanee*, 2023-Ohio-1497, ¶ 28-29 (7th Dist.). As the state points out, the trial court sentenced that defendant to 12 months on each of 50 counts for pandering obscenity involving a minor and ran the sentences consecutively to each other (and to 18-month concurrent sentences for two other offenses). *Id*. at ¶ 7. The defense argued the state only recommended 20 years total, the defendant had no criminal history, and he expressed genuine remorse. *Id*. at ¶ 21. On the other hand, the defendant possessed "1,241 videos of child pornography or minors in a state of nudity and 7,800 images of child pornography or minors in a state of nudity." *Id*. at ¶ 26 (some involving his nieces and some containing children under 5 engaging in sex acts with adult males). In

evaluating the imposition of consecutive sentences, we reviewed the aggregate sentence, as required by pre-*Glover* case law existing at the time. *Id.* at ¶ 22. We upheld the 50-year aggregate sentence. *Id.* at 28.

**{¶51}** We incorporate our Statement of the Case reviewing the prosecutor's statements, the statements by the defense, and the trial court's observations including the review of the PSI and accompanying police report. We also refer to our recitations in assignment of error one where we rejected Appellant's challenge to the third consecutive finding under (b) of R.C. 2929.14(C)(4). The trial court exercised its broad discretion after considering the arguments and reviewing the record. We point out the trial court imposed midrange sentences on the fourth-degree felonies rather than maximum sentences, chose to impose concurrent sentences on five of the fourth-degree felonies, and chose to impose concurrent sentences on all 15 fifth-degree felonies.

**{¶52}** "The authority of an appellate court in Ohio to vacate a sentence is closely circumscribed by the plain language of R.C. 2953.08(G). We are prohibited from vacating a sentence because we would have imposed a lesser sentence or because there is clear and convincing evidence in the record that supports the imposition of a lesser sentence." *State v. Spack*, 2026-Ohio-135, ¶ 38 (7th Dist.), citing *Glover*, 2024-Ohio-5195, at ¶ 46. *See also Glover* at ¶ 41 (lead opinion explaining, "The State's second proposition of law states that a court of appeals may not 'substitute its judgment for that of the trial court' when reviewing a sentence under the appellate-review statute."), ¶ 62 (Fischer, J. concurring in the judgment reversing the appellate court's reversal and concurring in part by "join[ing] in the portion of the lead opinion analyzing the State's second proposition of law").

**{¶53}** As to the consecutive sentence findings raised in this assignment of error, upon reviewing the record, we cannot "clearly and convincingly find[] . . . [t]hat the record does not support the sentencing court's findings" under R.C. 2919.14(C)(4) that "consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public . . ." R.C. 2953.08(G)(2)(a); R.C. 2929.14(C)(4). Nor is the sentence otherwise contrary to law. *See* R.C. 2953.08(G)(2)(b). This assignment of error is overruled.

Case No. 26 CO 0004

{¶54} For the foregoing reasons, the sentence pronounced at the sentencing hearing is affirmed. However, we remand for a nunc pro tunc entry with instructions to ensure the sentencing entry reflects the consecutive sentence findings made orally at the sentencing hearing.

Waite, P.J., concurs.

Dickey, J. concurs.

Case No. 26 CO 0004

[Cite as *State v. Watt*, 2026-Ohio-2844.]

---

For the reasons stated in the Opinion rendered herein, it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed in part. The sentence pronounced at the sentencing hearing is affirmed. We hereby remand this matter to the trial court for a nunc pro tunc entry with instructions to ensure the sentencing entry reflects the consecutive sentence findings made orally at the sentencing hearing according to law and consistent with this Court's Opinion. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.


**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**